Janet L. Rice (WSBA # 9386)
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Tel.: (206) 622-8000; Fax: (206) 682-2305
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIONEL P. WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>HOTEL 1000 LLC, d/b/a Hotel 1000, a Washington Limited Liability Company.<br><br>  Defendant. | NO.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

NOW COMES plaintiff, by and through his attorneys, Janet L. Rice and Schroeter, Goldmark & Bender, and hereby alleges against defendant as follows:

**I.   JURISDICTION AND VENUE**

1.1.   This Court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331 and 1343(3) & (4), and pursuant to its supplemental jurisdiction over state statutory and common law claims.

1.2   At all times relevant to this complaint, the defendant conducted business within the Western District of Washington, and the unlawful facts set forth in this complaint took place within the Western District of Washington.

COMPLAINT- 1
\\dataserver\civil\171324900\P\Complaint-081908.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

**II.     PARTIES**

2.1     Lionel P. Washington, plaintiff herein, is an African-American, 41 year-old male resident of King County, Washington.

2.2     Defendant Hotel 1000 LLC, d/b/a Hotel 1000 is a Washington limited liability company that is licensed to do business in Washington State. Hotel 1000 LLC operates a hotel called Hotel 1000 in Seattle, Washington. Defendant is an employer under 42 U.S.C. § 2000e(b), and engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(h).

2.3     At all times relevant herein, the defendant employer employed more than fifteen (15) employees.

**III.    ADMINISTRATIVE PROCEEDINGS**

3.1     On or about July 24, 2007, plaintiff Washington filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") against defendant Hotel 1000.

3.2     The EEOC issued a signed and dated determination ("Dismissal and Notice of Rights") allowing the plaintiff to bring this action. The EEOC determination was dated May 21, 2008.

3.3     All conditions precedent to the institution of this lawsuit have been fulfilled by plaintiff. This lawsuit is timely filed in that it is filed within the 90-day period established by the Notice of Suit Rights.

**IV.    FACTS**

4.1     Plaintiff Washington was hired by Hotel 1000 in August 2006 and went to work at the hotel in late September 2006 in food service. At that time, plaintiff had 18 years

of experience as a banquet server.

4.2	He applied for a full-time position as a banquet server and was hired as an on-call employee.  He was the only black server and the only one with such extensive experience.

4.3	He repeatedly asked to convert into a full-time employee but was told to wait and his status would be changed.  Meanwhile, he was directed by his supervisors to train other employees who were full-time employees and many who had no serving experience.  None of the full-time employees he trained was black.

4.4	In early December 2006, Mr. Washington complained to the Hotel 1000's human resource coordinator about being passed over for full-time employment because he was black.  Shortly after complaining, Mr. Washington was no longer assigned to any shifts of work and was told that there were no shifts available for him although other employees who were not black were being assigned shifts.

4.5	Mr. Washington filed a complaint with the EEOC and then the employer called him back to work.  However, the employer did not place him on full time status and he was not given any shifts to work after September 2007.

4.6	September 21, 2007, was the last day Mr. Washington worked at Hotel 1000 because he was not given any further shifts to work.

4.7	In late February 2008, plaintiff received a letter from Hotel 1000 terminating him from his position.

**V.	FIRST CAUSE OF ACTION – Discrimination and Retaliation in Violation of Title VII**

5.1	Plaintiff realleges the allegations in paragraphs 1.1 through 4.7, as if fully set forth herein.

COMPLAINT- 3
\\dataserver\civil\171324900\P\Complaint-081908.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

5.2 By the foregoing acts, defendant Hotel 1000 intentionally denied plaintiff his right to obtain and hold employment free from discrimination due to his race, in violation of Title VII, 42 U.S.C. Sec. 2000e.

5.3 As a direct and proximate result of the foregoing, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation, all in amounts to be proven at trial.

## VI.     SECOND CAUSE OF ACTION – Discrimination and Retaliation in Violation of 42 U.S.C. § 1981

6.1 Plaintiff realleges the allegations in paragraphs 1.1 through 5.3, as if fully set forth herein.

6.2 By the foregoing acts, defendant has violated 42 U.S.C. Sec. 1981.

6.3 As a direct and proximate result of the foregoing, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation, all in amounts to be proven at trial.

## VII.    THIRD CAUSE OF ACTION – Violations of RCW 49.60

7.1 Plaintiff realleges the allegations in paragraphs 1.1 through 6.3, as if fully set forth herein.

7.2 Defendant Hotel 1000 is an employer as defined in RCW 49.60.040.

7.3 By the foregoing acts, defendant violated the Washington State Law Against Discrimination, RCW 49.60.030, RCW 49.60.180, and RCW 49.60.220.

7.4 As a direct and proximate result of the foregoing, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits,

and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation, all in amounts to be proven at trial.

**VIII. RELIEF REQUESTED**

WHEREFORE, plaintiff prays that the Court grants him the following relief:

8.1   Damages for lost compensation and benefits;

8.2   Damages for lost prospective earnings and benefits, and lost earning capacity, in amounts to be proven at trial;

8.3   Damages for emotional distress, anxiety, humiliation and embarrassment in an amount to be proven at trial;

8.4   Exemplary damages pursuant to RCW 49.52.070;

8.5   Liquidated damages pursuant to 29 U.S.C §216(b);

8.6   Punitive damages;

8.7   Prejudgment interest;

8.8   Attorney's fees and costs associated with this litigation as provided in RCW 49.60.030(2), RCW 49.48.030, RCW 49.52.070; and 42 U.S.C. 1988; and

8.9   Such other and further relief as this Court deems just and proper.

DATED this 19th day of August, 2008.

/s/ *Janet L. Rice*
Janet L. Rice, WSBA #9386
Attorney for Plaintiff
810 Third Avenue, Suite 500
Seattle, WA  98104
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
Email: rice@sgb-law.com